TIMOTHY HINCKLEY *et al.*, appellants, *v.* BENJAMIN J. WEST, appellee.

*Appeal from St. Clair.*

Demands to be set off must be mutual, and exist between the parties to the record.

In an action of *debt,* the jury returned the following verdict, to wit: "We find the issues for the plaintiff, and assess his damages at one hundred and fifty four dollars." The Court rendered a judgment that the plaintiff recover the penalty in the bond sued on for his debt, to be discharged on the payment of the damages found by the jury, and the costs: *Held,* that the amount of the debt was a fact which the party had the right to have found by the jury, and, therefore, that the amendment of the Court was erroneous.

DEBT, in the St. Clair Circuit Court, brought by the appellee against the appellants and heard before the Hon. Gustavus P. Koerner and a jury, at the October term 1846, when a verdict was rendered for the plaintiff for $154, in the form stated in the Opinion of the Court. The pleadings, &c. will also be there found, so far as was material to the determination of the case.

*W. H. Underwood,* for the appellants.

I.  The declaration was manifestly defective in not alleging that the liabilities extinguished by West existed at the time of the making of the bond sued upon. The contract of Sargent, the security, must be strictly construed and not extended by implication. *Reynolds* v. *Hall,* 1 Scam. 36. West would be liable for debts contracted by the firm of T. Hinckley & Co. after the bond was made and the firm dissolved unless the creditors of the firm had notice of the dissolution. Story on Partnership, 247, § 160; Gow on do. 248.

II.  The declaration has no breach that Snyder and his representatives failed to perform the condition or to pay the penalty. 2 Chitty's Pl. 94; 1 do. 365, 370.

The demurrer to second plea, and replication to fourth plea opened the whole record and should have been extended

to the declaration and sustained. Gould's Pl. 474–5, § § 36, 37, 38; *Buckmaster* v. *Grundy*, 1 Scam. 312.

III. The verdict should have found the debt. A failure is error. *Frazier* v. *Laughlin*, 1 Gilm. 347; *Mager* v. *Hutchinson*, 2 do, 266; *Wilcoxon* v. *Roby*, 3 do. 476.

*L. Trumbull*, for the appellee.

The Opinion of the Court was delivered by

TREAT, J. This was an action of *debt* commenced in the St. Clair Circuit Court by B. J. West, the appellee, against Hinckley and Sargent, the appellants.

The declaration was on a writing obligatory executed on the third of June, 1839, by the appellants and A. W. Snyder, since deceased, in the penalty of $6000; which, after reciting that Hinckley had purchased of the appellee all his interest as a partner in the firm of T. Hinckley & Co., was conditioned to keep harmless and indemnify the appellee from all liability for any debts contracted by Hinckley on account of the firm.

The second breach alleged the recovery by Henry West of a judgment against the appellee, Hinckley and one Pensoneau on the 21st of April, 1842, for $136·37 debt, and $8·18 costs, on a demand contracted by Hinckley and existing against the firm of T. Hinckley & Co. at the date of the writing obligatory, and averred the payment of the judgment by the appellee on the 23rd of March, 1846.

Several other breaches were assigned, but as they were withdrawn on the trial, it will not be necessary to notice them, or the numerous issues of law and fact founded on them.

Issues of fact were formed on several pleas applicable to the second breach, such as *non est factum*, payment, and denial of liability on the part of the appellants. The Court sustained a demurrer to a plea alleging in substance, that prior to the commencement of the action, the appellee had collected and received $1000 from debts due the firm of T. Hinckley & Co. at the date of the writing obligatory, and

which amount the appellants offered to set off against the damages claimed by the appellee.

The cause was submitted to a jury, and a verdict returned as follows: "We find the issues for the plaintiff, and assess his damages at one hundred and fifty four dollars."

The Court overruled motions for a new trial and in arrest of judgment, and rendered a judgment that the appellee recover of the appellant the sum of $6000 for his debt, to be discharged on the payment of the damages found by the jury, and the costs.

Various errors are assigned, only two of which need be noticed. One of them is as to the validity of the plea of set off. The plea is clearly bad. It seeks, in an action against two, to set off a debt due and owing from the plaintiff to one of the defendants and a third person not a party to the suit. This is not allowable. Demands to be set off must be mutual, and exist between the parties to the record. *Grigg* v. *Phillips*, Bre. 107; Barbour on Set Off, 75; *Wolfe* v. *Washburne*, 6 Cowen, 261. If the appellee has received money belonging to Hinckley and his co-partner, Pensoneau, they must join in the action to recover it. Sargent has no legal interest in the demand, and cannot therefore avail himself of the benefit of it. It is insisted that the demurrer should have been carried back and sustained to the declaration. The declaration has been examined and, in the opinion of the Court, is not obnoxious to a general demurrer.

The decision of the Court refusing to arrest the judgment is assigned for error. The decision was erroneous. The case of *Frazier* v. *Laughlin*, 1 Gilm. 347, is expressly in point. The verdict was not broad enough. It did not find the amount of the debt. That is a fact which a party has the right to have found by a jury. The Court had no authority to amend the verdict by adding the amount of the penalty of the bond as the debt. We reverse the judgment with much reluctance, for if this error had not intervened, we should without hesitation affirm it.

The judgment of the Circuit Court is reversed with costs, and the cause is remanded for further proceedings.

*Judgment reversed.*